UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00331-FDW
(3:20-cr-00403-FDW-DCK-1)

| | |
|---|---|
| CHAD RICHARD TATE, ) | |
| Petitioner, ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1].

**I.    BACKGROUND**

Petitioner Chad Richard Tate ("Petitioner") is federal prisoner currently incarcerated at Gilmer Federal Correctional Institution in Glenville, West Virginia. On May 31, 2023, he filed the instant Pro Se Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. On January 26, 2021, Petitioner pleaded guilty in this Court to one count of methamphetamine trafficking conspiracy in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 and one count of distribution and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). [Criminal Case No. 3:20-cr-00403-FDW-DCK ("CR"), Docs. 13, 16, 18]. He was sentenced to terms of imprisonment of 120 months on each count to run concurrently. [CR Doc. 33]. Judgment on his conviction was entered on March 24, 2022. [Id.].

In his petition, Petitioner seeks relief under the "congressionally Mandated Covid-19 Relief

Step Act/CARES Act."[1] [Doc. 1 at 1]. As grounds for relief, Petitioner states that, "Congress mandated 365 days federal earned time credit and 180 days additional good time credit for federal inmates confined during the Covid Pademic [*sic*] and were prohibited from participating in institutional programing FSA/CARES ACT support facts" and the BOP has failed to give him these time credits. [Id. at 5]. Petitioner asserts that he was confined in four different facilities between 2020 and 2023. [Id. at 8]. Petitioner states he received verbal denial of his request for these credits from his unit team. [Id. at 7-8]. For relief, Petitioner seeks 18 months of good time credit. [Id.].

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the habeas petition can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Court will deny and dismiss Petitioner's petition without prejudice. Neither § 2241 nor the CARES Act give this Court authority to award good time credits. See United States v. Rucker, 853 Fed. App'x 893 (4th 2021); United States v. Harless, 849 Fed. App'x 419 (4th Cir. 2021). Rather, the decision to award good time credits rests solely with the Bureau of Prisons. See United States v. Steelman, 5:94-cr-00011-FDW-DCK. 2020 WL 3259543, at *2 (W.D.N.C. June 16, 2020); 18 U.S.C. § 3624. To the extent Petitioner seeks relief under the First Step Act or sentencing relief under 18 U.S.C. § 3582(c), Petitioner's motion must be brought in the sentencing

---

[1] The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), in relevant part, expanded the maximum period an inmate may spend on home confinement.

court in Petitioner's criminal case. Finally, to the extent Petitioner seeks relief for the conditions of his confinement, such claims are cognizable, if at all, under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). If Petitioner wishes to pursue a <u>Bivens</u> action, however, he must comply with the Prison Litigation Reform Act ("PLRA"). "The PLRA applies to all prisoner civil actions challenging conditions of confinement, and imposes strict requirements regarding filing fees, administrative exhaustion, and carefully crafted restrictions on injunctive relief." <u>Hallinan</u>, 466 F.Supp.3d at 603. The Court, therefore, declines to construe Petitioner's petition as a <u>Bivens</u> Complaint.

Because § 2241 is not the proper mechanism here, the Court will dismiss Petitioner's petition without prejudice to Petitioner properly advancing his claim according to the guidance above, if at all.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2241 petition is denied and dismissed without prejudice in accordance with the terms of this Order.

## ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Pro Se Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED** and **DISMISSED without prejudice** in accordance with the terms of this Order.

The Clerk is instructed to terminate these proceedings.

Signed: June 20, 2023

Frank D. Whitney
United States District Judge